IN THE UNITED STATES DISTRICT COURT
FOR THE                    DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| _____ ) <br> _____ ) <br> Jonathan Tampico _____ ) <br> _____ ) <br> **Plaintiff/Petitioner(s),** ) <br> -vs- ) <br> Henry J. Sadowski _____ ) <br> _____ ) <br> _____ ) <br> _____ ) <br> **Defendant/Respondent(s).** ) | Docket No. _____ <br> (To be supplied by the Clerk) <br><br> ☐ **CIVIL RIGHTS COMPLAINT** <br> pursuant to 42 U.S.C. §1983 <br> (State Prisoner) <br><br> ☐ **CIVIL RIGHTS COMPLAINT** <br> pursuant to 28 U.S.C. §1331 <br> (Federal Prisoner) <br><br> ☒ **CIVIL COMPLAINT** <br> pursuant to the Federal Tort Claims <br> Act, 28 U.S.C. §1346, 2671-2680 |

I.  **JURISDICTION**

A.  Plaintiff's mailing address and/or register number and present place of confinement.
    Jonathan Tampico, 79426-079; FCI Schuylkill;
    P.O. Box 759; Minersville, PA 17954-0759

B.  Defendant Henry J. Sadowski is employed as
    (Name of First Defendant)
    Regional Counsel; Northeast Region
    (Position/Title)

    with Federal Bureau of Prisons; U.S. Custom House,
    (Employer's Name and Address)
    7th Floor; 2nd and Chestnut Sts.; Philadelphia, PA 19106

C.  At the time the claim(s) alleged in this complaint arose, was the defendant employed by the state, local or federal government?

    Yes (X)        No ( )

    If your answer is "yes", briefly explain:
    Henry J. Sadowski is employed by the United States
    Department of Justice, Federal Bureau of Prisons,
    and adjudicates Tort Claims for the
    Northeast Region, where Plaintiff is incarcerated.

(Rev. 7/93)

D. Defendant _____ is employed as
(Name of First Defendant)

_____
(Position/Title)

with _____
(Employer's Name and Address)

_____

E. At the time the claim(s) alleged in this complaint arose, was the defendant employed by the state, local or federal government?

Yes ( )    No ( )

If your answer is "yes", briefly explain:    N/A

F. Using the outline of the form provided, include the above information for any additional defendant(s).    N/A

II. PREVIOUS LAWSUITS

A. Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to your imprisonment?

Yes (X)    No ( )

B. If your answer to "A" is "yes", describe the lawsuit(s) in the space below. (If there is more than one (1) lawsuit, you must describe the additional lawsuits on another sheet of paper, using the same outline.) Failure to comply with this provisions may result in summary denial of your complaint.

Previous suit deals with the Northeast Region's policy of holding inmates 12-18 months in Administrative Detention pending transfer; with unequal treatment; and with SHU policies. It has no bearing on the instant action.

1. Parties to previous lawsuits:

   Plaintiff(s) _Jonathan Tampico_

   Defendant(s) _Harvey Lappin, D. Scott Dodrill, and Ronnie R. Holt_

2. Court (if Federal Court, name the District; ~~if State Court, name the County~~) _Middle District of Pennsylvania_

3. Docket number _1: CV-04-2340_

4. Name of Judge to whom case was assigned _Yvette Kane_

5. Type of case (for example: Was it a Habeas Corpus or Civil Rights action? _Civil Rights Complaint pursuant to 28 U.S.C. § 1331_

6. Disposition of case (for example: Was the case dismissed? Was it appealed? Is it still pending?) _Case has been filed; awaiting action by the Court._

7. Approximate date of filing lawsuit _October 26, 2004_

8. Approximate date of disposition _Pending_

III. **GRIEVANCE PROCEDURE**

   A. Is there a prisoner grievance procedure in the institution? _Yes_

   B. Did you present the facts relating to your complaint in the prisoner grievance procedure. Yes (X) No ( )

   C. If your answer is "yes",

   1. What steps did you take? _I filed a Standard Form 95 Tort Claim with the Regional Office. All necessary documentation was included. (No. TRT-NER-2004-01030) (Appendix A 1, 2)_

   2. What was the result? _It was denied by the Defendant (Appendix A4); I requested reconsideration (A5,6), which was rejected (A7)._

   D. If your answer is "no", explain why not. _N/A_

   E. If there is no prisoner grievance procedure in the institution, did you complaint to prison authorities? Yes ( ) No ( )

claims by inmates. It is akin to allowing, in a civil suit at bench trial, the defendant's attorney to also act as judge. The outcome is foreordained.

If the purpose of this system is to lessen the frequency of lawsuits, it isn't working. This practice should be discontinued, and a court employee be assigned to this duty instead.

PRAYER:

For these reasons, the plaintiff respectfully asks the Court for judgement in his favor.

V.   REQUEST FOR RELIEF

State exactly what you want the Court to do for you. If you are a state or federal prisoner, and seek relief which affects the fact or duration of your imprisonment (for example: illegal detention, restoration of good time, expungement of records or parole release), you must file your claim on a Habeas Corpus form, pursuant to 28 U.S.C. §2254, 28 U.S.C. §2255, or 28 U.S.C. §2241.

1. I request damages in the sum of $109.10, loss 25.00, postage 15.00, copying 149.10 plus punitive damages as the Court deems fit.

2. I request that BOP inmate Tort Claims hereafter be handled by a representative of the Court, rather than by a BOP employee.

_____
Signature of attorney, if any

## DECLARATION UNDER PENALTY OF PERJURY

I, the undersigned, declare (or certify, verify, or state), under penalty of perjury, that I am the plaintiff in the above action, that I have read the above complaint and that the information contained therein is true and correct. 28 U.S.C. §1746; 18 U.S.C. §1621.

Signed this 5 day of November, 19 2004.

_____
Signature of Plaintiff