```
              UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS
                                    )
JONATHAN TAMPICO,                   )
                                    )
          Plaintiff,                )   Civil Action No. 04-12500-NMG
                                    )
          v.                        )
                                    )
HENRY J. SADOWSKI,                  )
                                    )
          Defendant.                )
```

PROCEDURAL ORDER

GORTON, District Judge

Before the Court is the request of plaintiff Jonathan Tampico to proceed in forma pauperis. For the reasons stated below, the Court DENIES the request without prejudice.

BACKGROUND

On November 12, 2004, Tampico, currently incarcerated at FCI Schuylkill in Minersville, Pennsylvania, filed this civil rights action seeking relief for alleged misconduct that occurred when Tampico was in custody at FMC Devens in Ayer, Massachusetts. He also filed a "Declaration in Support of Request to Proceed In Forma Pauperis, in which he listed his assets, income, and liabilities. He did not, however, submit a certified prison account statement.

ANALYSIS

Plaintiff is a "prisoner seeking to bring a civil action...without prepayment of fees," and is therefore subject

to the restrictions of 28 U.S.C. § 1915(a)(2). Along with an application to proceed in forma pauperis, Section 1915(a)(2) also requires prisoner litigants to file a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2). This statement must be obtained from the "appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2).

In this case, plaintiff has failed to file a certified prison account statement along with his application to proceed in forma pauperis. Accordingly, this Court grants plaintiff an additional forty-two (42) days to file his trust fund account statement. Failure to file the statement within the allotted time will result in dismissal of this action without prejudice.

Moreover, plaintiff is hereby put on notice that even if he complies with this Order and the Court grants his application to proceed in forma pauperis, plaintiff will nevertheless be required to pay the full amount of the filing fee. See 28 U.S.C. § 1915(b)(1)-(2)(prisoners filing civil actions are required to pay the full amount of the filing fee, even when proceeding in forma pauperis). Based on the

information contained in the account statement, the Court will direct the appropriate prison official to withdraw an initial partial payment from plaintiff's account, followed by payments on a continuing monthly basis until the entire $150.00 filing fee is paid in full.  See 28 U.S.C. § 1915(b)(1)-(2).

## CONCLUSION

ACCORDINGLY, plaintiff is directed to either pay the $150.00 filing fee or submit an application to proceed without prepayment of the filing fee with a certified prison account statement within 42 days of the date of this Order or this action shall be dismissed without prejudice.

The Clerk is directed to send petitioner an Application to Proceed Without Prepayment of Fees and Affidavit with this Order.

SO ORDERED.

Dated at Boston, Massachusetts, this  2d  day of December, 2004.

/s/ Nathaniel M. Gorton
UNITED STATES DISTRICT JUDGE