```
              UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS

JONATHAN TAMPICO,                )
                                 )
        Plaintiff,               )
                                 )
        v.                       )  Civil Action No. 04-12500-NMG
                                 )
UNITED STATES,                   )
                                 )
        Defendant.               )
```

## ORDER

GORTON, District Judge

On November 12, 2004, Jonathan Tampico, currently incarcerated at a federal penitentiary in Lewisburg, Pennsylvania, filed an action under the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671-2680 (the "FTCA"). Tampico alleges that officials at FMC Devens did not forward all of Tampico's personal belongings to FCI Schuylkill when Tampico was transferred from FMC Devens to FCI Schuylkill in 2003. Before the Court are three motions filed by the plaintiff: Motion to Traverse (docket entry 3); Motion to Correct Complaint (docket entry 8); and Application to Proceed Without Prepayment of Fees (docket entry 5). For the reasons stated below, the Court denies the Motion to Traverse and grants the other two motions.

I.  Motion to Traverse

Tampico filed with his complaint a Motion to Traverse, in which he seeks leave "to submit a traverse to any answer filed on behalf of the Respondent." Mot. Traverse at 1. As reasons for this motion, Tampico states that his action "presents claims for

relief based on detailed and specific allegations of fact, and based on matters of law" and that a traverse would allow Tampico "to contest any statements or declarations made in opposition to the facts alleged in the Civil Complaint, and/or to clarify facts for the record."  Id.

A traverse is a common-law pleading consisting of a "formal denial of a factual allegation made in the opposing party's pleading."  Black's Law Dictionary (8th ed. 2004), traverse.  The pleadings permitted under the Federal Rules of Civil Procedure, however, do not include traverses:

> There shall be a complaint and an answer; a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if a person who was not an original party is summoned under the provisions of Rule 14; and a third-party answer, if a third-party complaint is served.  <u>No other pleading shall be allowed, except that the court may order a reply to an answer or a third-party answer</u>.

Fed. R. Civ. P. 7(a) (emphasis added); see also Williams v. Jader Fuel Co., Inc., 944 F.2d 1388, 1399 (7th Cir. 1991) ("The Federal Rules do not permit a response to an answer that does not contain a counterclaim.").  Thus, the Court must deny Tampico's motion to traverse.

Of course, this ruling does not prevent Tampico from contesting or clarifying the defendant's factual allegations through the discovery process.  Tampico may also present his version of the facts, including by way of affidavit, in moving

for or opposing a dispositive motion or at trial.  This ruling also does not limit Tampico's right under Fed. R. Civ. P. 15 to amend his complaint or file a supplemental pleading.

II.  Motion to Correct Complaint

In his complaint, Tampico names Henry J. Sadowski, Regional Counsel for the Federal Bureau of Prisons, as the sole defendant. On May 27, 2005, Tampico filed a Motion to Correct Complaint in which he asks that the Court "[c]hange the defendant from 'Henry J. Sadowski' to 'United States' (ref. Tort Claim Act)" and amend Tampico's request for relief to include a prayer for "Court Costs."  Mot. Correct at 1.  Because the United States must be named as a defendant in an FTCA action, see Roman v. Townsend, 224 F.3d 24, 28 (1st Cir. 2000), and because the Court may award costs against the United States, see 28 U.S.C. § 2412, the Court grants Tampico's motion to correct his complaint.

III. Motion to Proceed Without Prepayment of the Filing Fee

In response to the Court's December 2, 2004 order, on December 13, 2004, Tampico filed an application to proceed without prepayment of the $150.00 fee assessed at that time for commencing a civil action.  Based on the information contained in that application and in the prison account statement submitted therewith, the Court grants the application.  An initial partial filing fee of $5.19 is assessed pursuant to 28 U.S.C. § 1915(b)(1).  The remainder of the fee, $144.81, is to be

assessed in accordance with 28 U.S.C. § 1915(b)(2).

## CONCLUSION

ACCORDINGLY, the Court

(1)  DENIES the plaintiff's Motion to Traverse;

(2)  GRANTS the plaintiff's Motion to Correct Complaint and directs the Clerk to change the docket so that the United States is the sole defendant in this action;

(3)  GRANTS the plaintiff's application to proceed without prepayment of the filing fee, and, pursuant to 28 U.S.C. § 1915(b)(1), assesses an initial partial filing fee of $5.19, with the remaining $144.81 to be assessed in accordance with 28 U.S.C. § 1915(b)(2);

(4)  ORDERS that a copy of this order be sent to the institution having custody of the plaintiff;

(5)  ORDERS that the Clerk issue summons and that the United States Marshal serve a copy of the complaint, summons, and this order as directed by the plaintiff with all costs of service to be advanced by the United States.

SO ORDERED.

| | |
|---|---|
| _7/13/05_ | _Nathaniel M. Gorton_ |
| DATE | UNITED STATES DISTRICT JUDGE |